IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| YVETTE FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-00254-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| INTERNATIONAL LONGSHOREMEN'S | ) | |
| ASSOCIATION LOCAL 1422, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Mary Gordon Baker's report and recommendation ("R&R"), ECF No. 15, that the court grant in part and deny in part defendant International Longshoreman's Association Local 1422's ("defendant") motion to dismiss, ECF No. 10. For the reasons set forth below, the court adopts the R&R in full which grants in part and denies in part defendant's motion to dismiss.

**I. BACKGROUND**

This matter comes before the court on Yvette Flowers's ("plaintiff") allegations that her employer, defendant, engaged in gender discrimination by failing to offer her a promotion and retaliating against her following her objections and protests. At the time plaintiff filed the complaint, she was a fifty-four year-old African American woman who had been working for defendant over twenty years, the last eight and a half of which she had been a union official. ECF No. 1 ¶¶ 6–7. Plaintiff alleges that in 2009, after becoming a union official, defendant incorrectly classified her as a "casual," which did not properly reflect any "seniority classifications." Id. ¶ 10. Plaintiff alleges that while

1

employed by defendant, she was subject to various allegedly discriminatory practices that other similarly situated individuals were not subject to, including verbal statements, limitation and unfair qualification of her working hours, and failure to promote her so that she may "gain seniority." Id. ¶ 11–22. For example, Plaintiff alleges Mr. Kenneth Riley ("Mr. Riley"), an agent of defendant, told her, "as long as I am here, you will never make seniority." Id. ¶ 11.

Plaintiff also alleges that after becoming a Union official, defendant incorrectly classified her as a "casual" using a formula for classification that was either outdated or was not similarly applied to her male coworkers. Id. ¶ 15–16. Defendant allegedly has a seniority system that requires a minimum of 700 work hours which determines a worker's priority in the employer's hierarchy: "any person with seniority who fails to accrue 700 work hours shall be dropped one seniority classification." Id. ¶ 14. Plaintiff contends that, inconsistent with this policy, she was not promoted when she met the 700 work hour requirement while her male coworkers (also classified as "officials" like Plaintiff) were not demoted if they failed to obtain their 700 work hour requirement. Id. ¶ 14. Plaintiff alleges that upon inquiry, she was informed by Mr. Riley that she did not meet the 700 work-hour requirement because she "failed to obtain such hours working on the dock and her 700 work hours would not be used to determine her seniority." Id. ¶ 16. Plaintiff believes this was a "deliberate attempt to discriminate" against her. Id.

Plaintiff contends that this classification as a "casual" was not correct because she had completed more than seven hundred hours working on the docks as a longshoreman despite defendant's alleged discrimination and retaliation against her. Plaintiff states that she "continued working on the docks while contesting to Mr. Riley the seniority issues."

Id. ¶ 12.  Allegedly, Mr. Riley, because of a "gender animus towards her as a female[,]" then informed plaintiff that she could only work weekdays after 5 p.m. and all day on Fridays, holidays, and weekends in an attempt to limit Plaintiff's ability to work on the docks.  Id. ¶12–13.  Plaintiff contends that this limitation "drastically limited her ability to gain hours . . . in order to gain seniority" and was "arbitrary and only given to her as opposed to her similarly situated male coworkers who were also Union officials."  Id.  Plaintiff claims that she continued to work and attain the "requisite 700 work hours in order to gain seniority" yet "continued to be classified as 'casual.'"  Id. ¶ 14.

Plaintiff filed suit on January 29, 2019 bringing the following causes of action: (1) breach of contract, (2) breach of contract with fraudulent intent, (3) sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); and (4) retaliation in violation of Title VII.  ECF No. 1.  Defendant filed a motion to dismiss for failure to state a claim on April 11, 2019.  ECF No. 10.  Plaintiff filed a response in opposition to defendant's motion to dismiss on April 25, 2019.  ECF No. 11.  Defendant filed a reply on May 1, 2019.

On June 4, 2017, the magistrate judge issued her R&R, recommending that defendant's motion to dismiss be granted in part and denied in part.  Specifically, the R&R recommends that the court find that: (1) Plaintiff's contract-based claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), should be treated as a § 301 hybrid action, and can only proceed as to conduct that occurred six months prior to the date this action was filed; (2) these claims should not be dismissed for failure to join the South Carolina Stevedores Association ("SCSA") as a party to the

3

action and; (3) Plaintiff's Title VII claims may proceed as to conduct that occurred on or about May 26, 2016.

On June 18, 2019, defendant filed an objection to the R&R. ECF No. 18. On June 18, plaintiff also filed a document that is titled as an objection to the R&R, but the substance of the document does not actually contain any objections. ECF No. 19. The matter is now ripe for the court's review.

## II. STANDARDS OF REVIEW

### A. R&R

The magistrate judge makes only a recommendation to the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court. Id. at 270-71. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made. Id. However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

**B. Motion to Dismiss**

When considering a Rule 12 motion to dismiss, the court must accept the plaintiff's well-plead factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

Under Federal Rule of Civil Procedure 12(b)(7), a party may move to dismiss for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 provides that a required party is one which must be joined if "in that person's absence, the court cannot accord complete relief among existing parties" or that party claims an interest relating to the subject of the action and is "so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). To prevail, the party moving for dismissal must first show that the party in question is "necessary to a proceeding because of its relationship to the matter in question" under Federal Rule of Civil Procedure 19(a). Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 433 (4th Cir. 2014) (citing Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917 (4th Cir. 1999)). Provided the party in question is deemed necessary, the court must then analyze whether the party is "indispensable" to the proceedings and "determine whether, in equity and good conscience, the action should

proceed among the existing parties or be dismissed." Id. at 435 (quoting Fed. R. Civ. P. 19(b)).

### III. DISCUSSION

Although plaintiff filed an objection to the R&R, the objection itself states that "Plaintiff has no objection to the Report and Recommendation of the Magistrate Judge" and that plaintiff agrees with the R&R "that her Title VII claims should proceed forward through the judicial process[.]" ECF No. 19 at 2–3. Though filed as an "objection," the court finds that plaintiff has not actually raised any objections to the R&R.

Defendant's objection to the R&R states, "Defendant does not object to the Report and Recommendation overall or its conclusions regarding the preemption of Plaintiff's contract claims or the applicable statutes of limitations for Plaintiff's remaining claims." ECF No. 18 at 3. However, defendant contends that "[t]o the extent that the Report and Recommendation can be read to preclude the future dismissal of Plaintiff's claims for the failure to join the [SCSA] as an indispensable party if discovery shows that SCSA is an indispensable party within the meaning of Rule 19, Defendant objects." Id.

Rule 19 provides that a required party is one which must be joined if

> in that person's absence, the court cannot accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). In order for SCSA to be a required party to this litigation, defendant must show that the SCSA is necessary due to its relationship to the matter in

6

question.  See Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 433 (4th Cir. 2014) (citing Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917 (4th Cir. 1999)).  In other words, defendant must show how it is "crucial that all of the defendants be bound to the burdens of a common judgment." See id. at 434.

Defendant presents two major arguments in suggesting that SCSA is a required party to this litigation.  First, defendant contends that "SCSA has an interest in the outcome of the case" because "the SCSA is a party to a collectively-bargained agreement that governs Plaintiff's seniority" along with the seniority of her fellow employees working for "SCSA employer-members" on the docks.  ECF No. 10 at 13; see also ECF No. 18 at 3.  Defendant suggests that plaintiff works within the confines of this collectively-bargained agreement and "[i]f an individual believes that she has a dispute about her status under the Seniority Plan, then she 'shall submit it in writing to the Seniority Board, stating in general the nature of the problem and the solution that the employee wishes.'"  ECF No. 18 at 3 (quoting Seniority Plan, Section 2.a).

Second, Defendant argues that "complete relief in this matter cannot be afforded to Plaintiff without the SCSA because the Seniority Plan requires that grievances over seniority disputes are to be submitted to a dispute resolution in which they are resolved by a joint labor-management Security Board."  Id.  Going further, Defendant states that "[i]n as much as the Plaintiff's underlying request is an adjustment to her seniority status under the Seniority Plan, the SCSA must be a party."  Id. (citing McCoe v. Manchester, 101 F.R.D. 339 (D.C. Conn. 1984); EEOC v. United States Pipe & Foundry Co., 375 F. Supp. 237, 245 (N.D. Ala. 1974)).

7

This court agrees with the R&R that there is not sufficient information at this stage in the proceedings to determine whether or not the SCSA is a required party under Rule 19. Any finding otherwise would require the court to "attempt to forecast the future course of this litigation," which it is not inclined to do. Home Buyers, 750 F.3d at 434. First, although defendant claims that SCSA has an interest in the outcome of the case because it is party to an agreement governing plaintiff's seniority, defendant does not clearly indicate how, in this specific case, "it is crucial that all the Defendants be bound to the burdens of a common judgment." Id. at 435. Second, although the defendant contends that the SCSA is a required party because the Seniority Plan requires that grievances over seniority to be submitted to a dispute resolution and resolved by a joint labor-management Security Board, defendant does not clearly indicate how a ruling from this court would impact existing or future dispute resolution involving plaintiff.

In contending that the SCSA is a required party, defendant relies on Ryals v. ILA Local 1771, 33 F. Supp. 3d 634 (D.S.C. 2014), a case in which this court described the makeup of a Seniority Board that operates under a collective bargaining agreement with representatives of both the Union and the Employers each having an equal vote. This reliance on Ryals is misguided. While these parties may have been joined previously in a similar action, this alone does not prove that this court will be unable to accord complete relief among the existing plaintiff and defendant in this action. Further, though defendant's reliance on Ryals may point to evidence suggesting that the SCSA claims an interest relating to the subject of this action, it does not explain how the SCSA is positioned such that this court's adjudication of this matter in the absence of SCSA may cause it to incur inconsistent obligations.

Finally, the key concern in defendant's objection is whether the court is interpreting the R&R as recommending that defendant "be precluded from asserting, after discovery, that SCSA is an indispensable party within the meaning of Rule 19." ECF No. 18 at 3. The court does not read the R&R to be suggesting this, and the court's adoption of the R&R does not preclude defendant from reasserting that the SCSA is a required party later on in litigation. The Federal Rules of Civil Procedure provide that a motion to dismiss for failure to join a required party can be made "in any pleading allowed or ordered under Rule 7(a); by a motion under Rule 12(c); or at trial." Fed. R. Civ. Proc. 12 (h)(2). Therefore, if future discovery clarifying the relationship between SCSA and plaintiff's claims demonstrates that the SCSA is indeed a necessary party, defendant may file an motion asking that the court order that SCSA be joined as a defendant or that the court dismiss the case if SCSA cannot be joined.

## IV. CONCLUSION

For the reasons set forth above, the court **ADOPTS** the R&R and **GRANTS IN PART AND DENIES IN PART** the motion to dismiss.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 20, 2019**
**Charleston, South Carolina**